**BROWN BEAR BAITS, INC., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 93–509 T.

United States Court of Federal Claims.

July 1, 1994.

James L. Wilson, Oakton, VA, for plaintiff.

Robert N. Dorosin, U.S. Dept. of Justice, Washington, DC, for defendant.

**OPINION**

HODGES, Judge.

Plaintiff purchases marshmallows from Kraft Foods and packages the marshmallows for anglers to use as bait. Plaintiff tumbles the marshmallows in a converted dryer to remove excess starch, adds a small amount of mineral oil to create a "tackiness" on the surface of the marshmallows, then adds a "dusting" of a neon-bright color. The tackiness makes it possible for the bright colored dust to adhere.

Plaintiff testified at trial that this process was a marketing effort to attract anglers, more than a hope of attracting fish. The United States argued that plaintiff created a marshmallow-based bait designed to resemble fish pellets used by fisheries in Virginia to feed young trout. According to defendant, this effort to simulate fish pellets transforms the Kraft marshmallows into artificial bait within the meaning of 26 U.S.C. § 4161(a) (1988). Treas.Reg. § 48.4161(a)–2(d).[1] The operative words of the regulation

1. Treas.Reg. § 48.4161(a)–2(d) (as amended in 1985):

for our purposes are "processed so as to resemble a different edible article considered more attractive to fish...."

Having reviewed demonstrative exhibits at trial and heard testimony from plaintiff and from defendant's expert, we are satisfied that the marshmallows are not processed to resemble anything particularly attractive to fish. When purchased by the angler, they are still marshmallow-shaped. They may be scented or colored, but their shape is identical to that received from Kraft Foods.

The tax authorized by this law does not reach plaintiff. The plain purpose of the regulation is to tax the sale of marshmallows or other edible materials which have been formed into the shape of worms or fish eggs, for example, then marketed as artificial worms or fish eggs.

Defendant's expert acknowledged that his fish pellets are not found in nature. They are an amalgam of agricultural by-products and fish oil. Defendant's pellets are formed by a supplier into an arbitrary shape which happens to resemble plaintiff's marshmallow—not the other way around. Moreover, the resemblance between plaintiff's marshmallows and defendant's fish pellets is tenuous at best. The pellets are "brown and crusty," decidedly not marshmallow-like. Testimony at trial related to the response of a fish to the bait was ambivalent; that is, whether the bright colors or the flavors appealed more to the angler or to the fish was not established.

Plaintiff testified that his purpose in painting the marshmallows was to market his product—not to attract fish. *See Nelson–Ricks Creamery Co. v. United States*, 634 F.2d 566, 568 (Ct.Cl.1980) ("The packaging and labeling make the [bait] attractive to the fisherman and not the fish."). We agree that this was plaintiff's purpose, but the judgment for plaintiff does not depend on that fact. We also determined from demonstrative exhibits that plaintiff made no effort to process

the marshmallows so that they resemble "a different edible article considered more attractive to fish." Treas.Reg. § 48.4161(a)–2(d).

 A taxing provision is construed against the government, with any doubt resolved in favor of the taxpayer. *Auto–Ordnance Corp. v. United States*, 822 F.2d 1566, 1571 (Fed.Cir.1987). However, we find little doubt here. The fact that plaintiff did not shape or otherwise process the marshmallows to resemble anything considered more attractive to fish is conclusive.

### CONCLUSION

The Clerk will enter judgment for plaintiff in an amount including statutory interest, to be stipulated by the parties no later than July 12. Costs to plaintiff.

---

(d) *Artificial lures, baits, and flies.* The term "artificial lures, baits, and flies" includes all artifacts, of whatever materials made, that simulate an article considered edible by fish and are designed to be attached to a line or hook to attract fish so that they may be captured. Thus, the term includes such artifacts as imita-

tion flies, blades, spoons, and spinners, and edible materials that have been *processed so as to resemble a different edible article considered more attractive to fish*, such as bread crumbs treated so as to simulate salmon eggs, and pork rind cut and dyed to resemble frogs, eels, or tadpoles. (Emphasis added).